UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONGPIL PARK,<br><br>   Plaintiff,<br><br>   v.<br><br>VICTOR V. KITT, *et al.*,<br><br>   Defendants. | Case No.   1:19-cv-01551-AWI-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME<br><br>ECF Nos. 21, 26<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 19 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.

Plaintiff's unopposed motions for extensions of time to respond to discovery are granted for good cause shown. ECF Nos. 21, 26. Plaintiff shall have an additional sixty days to respond to discovery. The parties are reminded that they must attempt to resolve any discovery disputes among themselves before bringing them to the court. *See* Fed. R. Civ. P. 37(a)(1).

Plaintiff also moves for the court to appoint counsel. ECF No. 19. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The

1

court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated.  Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately.  Further, at this early stage in the proceedings, plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel is denied without prejudice.  ECF No. 19.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

IT IS SO ORDERED.

Dated:   July 14, 2020                             _____
                                                   UNITED STATES MAGISTRATE JUDGE


No. 204.