UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONGPIL PARK,<br><br>            Plaintiff,<br><br>    v.<br><br>VICTOR V. KITT, ET AL.,<br><br>            Defendants. | Case No. 1:19-cv-01551-AWI-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DOCUMENTATION AND APPOINTMENT OF COUNSEL<br><br>(Doc. No. 29)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONFORMITY OF DOCUMENTS<br><br>(Doc. Nos. 32) |

This matter comes before the court upon initial review of this case that was reassigned to the undersigned on November 17, 2020. (Doc. No. 33). Pending review, *inter alia*, are (1) plaintiff's motion for copies and appointment of counsel filed July 15, 2020 (Doc. No. 29); and (2) plaintiff's motion "for conformity of records/documents" filed July 21, 2020 (Doc. No. 32). Plaintiff Jongpil Park, a current state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on October 31, 2019. (Doc. No. 1).

  1.   Motion for Copies

Plaintiff requests a copy of the court's Local Rules and a copy of his "response brief" filed in response to defendant's answer." (Doc. No. 29). The court understands plaintiff's "response

1

brief" to refer to his pending motions to strike defendants' affirmative defenses. (See Doc. Nos. 24, 25). Plaintiff states he has not been able to access the law library or make copies of his pleadings due to the global Covid 19 pandemic. Plaintiff does not otherwise explain why he requires these materials.

Neither plaintiff's *pro se* status nor his prisoner status entitle him to receive complimentary copies. *Blair v. CDCR*, 2018 WL 1959532, at *6 f. 2 (E.D. Cal. Apr. 25, 2018). The court previously summarized the relevant Local Rules applicable to *pro se* cases in its First Informational Order in Prisoner/Civil Detainee Civil Rights Case filed November 4, 2019. (*See* Doc. No. 3). The court has not stricken any of plaintiff's filings or warned plaintiff about his failure to comply with the court's Local Rules. Having reviewed the docket, plaintiff is not currently under any court-ordered deadline at this time. Defendants have filed answers to plaintiff's complaint and his motion to strike defendants' affirmative defenses remains pending before the court. Consequently, the court demies plaintiff request for copies of these documents.

Consistent with statute, the court will provide copies of documents and the docket sheet at $0.50 per page. *See* 28 U.S.C. § 1914. Checks in the exact amount are payable to "Clerk, USDC." The court's Local Rules are 190 pages in length (omitting the index) and his motions to strike defendants' affirmative defenses are 11 and 76 pages in length, respectively. Thus, to the extent plaintiff wishes to obtain copies of the requested documents he should forward a check in the amount of $138.50 to the Clerk if he wishes to obtain these documents.

2.     Motion for Appointment of Counsel

Plaintiff, for the second time, seeks appointment of counsel. (Doc. No. 29). Plaintiff argues appointment of counsel is warranted because: (1) English is his second language; (2) he is incarcerated; and (3) defendants are represented by counsel. The court previously denied plaintiff's earlier request to appoint counsel because his claims were "not exceptionally complicated" and his pleadings showed he had thus far capably prosecuted his case. (Doc. No. 28). The court finds no changed circumstances to warrant appointment of counsel.

As previously noted, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*,

2

430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). It is plaintiff's burden to show exceptional circumstances warrant appointment of counsel. *Brown v. Reif*, 2020 WL 1164595, at *2 (E.D. Cal. Mar. 11, 2020).

Here, the court finds plaintiff has not met his burden to show appointment of counsel is justified. Plaintiff's filings in this matter are coherent and demonstrate an understanding of his claims. The court finds no basis to take the exceptional step of appointing counsel. Prison litigants often encounter language barriers, and "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." *Ayobi v. Romero*, 2020 WL 6820871, at *1 (E.D. Cal. Oct. 9, 2020) (internal quotations omitted). Limited English proficiency is "not an exceptional circumstance." *Garces v. Degadeo*, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007). Further, the court has "repeatedly" held incarceration's challenges on litigation do not constitute an exceptional circumstance. *Wells v. Cagle*, 2018 WL 1617169, at *5 (E.D. Cal. Apr. 4, 2018). If plaintiff's incarceration was an exceptional circumstance, or if defendants' representation by outside counsel was an exceptional circumstance, nearly every prisoner would be entitled to counsel. Should this case progress and plaintiff's circumstances change, and he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

3. Motion for Conformity of Documents

Plaintiff filed a pleading titled "request for conformity of records/filings." (Doc. No. 32). Plaintiff seeks "access to the use of court facilities" or copy machine access because pandemic restrictions on law library access hindered his ability to prosecute his case. (*Id*).

Plaintiff as a prisoner has a constitutionally protected right of access to courts guaranteed by the Fourteenth Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). Implicit within this right of access to courts is the prisoner's right to have access to adequate law libraries or legal assistance from trained individuals. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828 (emphasis added) (footnote omitted). Precedent "does not dictate a minimum number of hours or any other requirement for satisfying the right of access" to them. *Witkin v. Swarthout*, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013). A limitation on an inmate's access to copy machines is "ordinary" and permissible as long as some access is allowed. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Because there is no established minimum requirement for satisfying the access requirement; "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989) (internal quotations omitted).

As noted *supra*, plaintiff is currently not under a court-ordered deadline. And while the court is sympathetic to the difficulties wrought by the current global Covid 19 pandemic, the court is also aware that other prison litigants have been able to gain access to the law library by demonstrating that they were under a court-ordered deadline. Plaintiff does not claim that his inability to access the law library or the copy machine has prejudice him in advancing the instant claim. Thus, plaintiff should comply with his institution's regulations to gain access to the law library or printing services, particularly during a historic pandemic that has impacted all aspects of society. Thus, the court will deny plaintiff's "motion for conformity of documents."

Accordingly, it is **ORDERED:**

1. Plaintiff's motion for copies and appointment of counsel (Doc. No. 29) is

DENIED.

2. Plaintiff's motion for conformity of documents (Doc. No. 32) is DENIED.

IT IS SO ORDERED.

Dated:   March 22, 2021

*[signature: Helena M. Barch-Kuchta]*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE