1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JONGPIL PARK,

       Plaintiff,

   v.

VICTOR V. KITT, ET AL.,

       Defendants.

Case No. 1:19-cv-01551-AWI-HBK (PC)

<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES</u>

(Doc. Nos. 24, 25)

      Plaintiff Jongpil Park, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on October 31, 2019.  Before the Court are plaintiff's motions to strike several of defendants' affirmative defenses.

     I.     BACKGROUND

      Two defendants are named in plaintiff's complaint:  Victor V. Kitt, an ENT Specialist at California Substance Abuse Treatment Facility in Corcoran ("Kitt"), and Adventist Health Bakersfield, which performs surgery at California Substance Abuse Treatment Facility in Corcoran ("Adventist" and collectively, "defendants").  <u>See</u> Doc. No. 1.  In two causes of action for violation of the Eighth Amendment, one against each defendant, Plaintiff alleges defendants were deliberately indifferent to his medical needs by delaying and ultimately failing to adequately treat his deviated septum.  <u>See</u> <u>id.</u>

Defendants answered plaintiff's complaint on May 18 and May 20, 2020 and asserted a number of affirmative defenses.  See Doc. Nos. 14, 15.  Plaintiff moves to strike eight of Adventist's affirmative defenses (Doc. No. 24) and six of Kitt's affirmative defenses (Doc. No. 25).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 966–67 (9th Cir. 2014) (internal quotations omitted).  An affirmative defense may be insufficient either as a matter of law or as a matter of pleading.  Gomez v. J. Jacobo Farm Labor Contr., Inc., 188 F.Supp.3d 986, 991 (E.D. Cal. 2016).  An affirmative defense is legally insufficient if it "lacks merit under any set of facts the defendant might allege."  Id. (quoting Dodson v. Strategic Restaurants Acquisition Co., 289 F.R.D. 595, 603 (E.D. Cal. 2013)).  Affirmative defenses are insufficient as a matter of pleading if they fail to give the plaintiff "fair notice of the defense."  Simmons v. Navajo Cnty., 609 F.3d 1011, 1012 (9th Cir. 2010); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); Gomez, 188 F.Supp.3d at 991.  "'[T]he fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'"  Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); Gomez, 188 F.Supp.3d at 991.  "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense."  Gomez, 188 F.Supp.3d at 992; United States v. Gibson Wine Co., 2016 U.S. Dist. LEXIS 55053, *13(E.D. Cal. Apr. 25, 2016).  "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defense."  Gomez, 188 F.Supp.3d at 992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *13.  Generally, fact barren affirmative defenses or bare references to doctrines or statues are unacceptable because they "do not afford fair notice of the nature of the defense pleaded."  Gomez, 188 F.Supp.3d at 992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *14.

III.    ANALYSIS

The Court addresses each challenged affirmative defense in seriatim.

A.  <u>Defendants' First Affirmative Defense: Failure to State a Claim Upon Which Relief Can Be Granted</u>

Plaintiff argues that the first affirmative defense should be stricken because "failure to state a claim" is not an affirmative defense, rather, it is a matter that should be raised as part of a Rule 12(b)(6) motion.

Kitt voluntarily withdraws the defense despite arguing it is valid.  Based on the withdrawal, the Court will grant Plaintiff's motion and strike Kitt's first affirmative defense.[1]

Adventist acknowledges caselaw is "split" over whether failure to state a claim is a proper affirmative defense but argues Federal Rule of Civil Procedure Rule 7(a) permits its usage.

Federal Rule of Civil Procedure 12(h) in relevant part states that the defense of "[f]ailure to state a claim upon which relief can be granted" can be raised in "any pleading allowed or ordered under Rule 7(a)."  Fed. R. Civ. P. 12(h)(2)(A).  Rule 7(a) includes "an answer to a complaint" as a proper pleading.  Fed. R. Civ. P. 7(a)(2).  Through the interaction of Rules 7(a) and 12(h)(2), Adventist is entitled to raise the defense of "failure to state a claim" in its answer. <u>See Saniefar v. Moore</u>, 2018 U.S. Dist. LEXIS 101705, *9 (E.D. Cal. June 15, 2018); <u>E & J Gallo Winery v. Grenade Bev. LLC</u>, 2014 U.S. Dist. LEXIS 20613, *5-*6 (E.D. Cal. Feb. 18, 2014); <u>Hernandez v. Balakian</u>, 2007 U.S. Dist. LEXIS 43680, *5 (E.D. Cal. June 1, 2007).

The Court recognizes that technically, "failure to state a claim" is not an affirmative defense.  "An affirmative defense is one that precludes liability even if all of the elements of the plaintiff's claim are proven."  <u>Gomez</u>, 188 F.Supp.3d at 991.  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."  <u>FDIC v. Main Hurdman</u>, 655 F.Supp. 259, 262 (E.D.Cal.1987); <u>see also Boldstar Tech., LLC v. Home Depot, Inc.</u>, 517 F.Supp.2d 1283, 1291

---

[1] The striking of this affirmative defense does not preclude Kitt from raising the issue in later proceedings.  <u>See</u> Fed. R. Civ. P.  12(h)(2).

(S.D. Fla. 2007).  In contrast, "a failure to state a claim" generally means either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  A "failure to state a claim" does not refer to matters extraneous to the plaintiff's prima facie case, rather, it asserts a defect in the plaintiff's prima facie case.  See Barnes v. AT&T Pension Benefit Plan, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010); Boldstar Tech., 517 F.Supp.2d at 1291.

There is not consistency among the district courts regarding how to handle a failure to state claim when pled as an affirmative defense:  some courts strike the defense and others do not.  This Court has on prior occasions struck the defense.  E.g. Gomez, 188 F.Supp.3d at 995.  However, after further consideration of the issue, the Court does not find that striking the first "affirmative defense" is necessary.  Instead, the Court will view Adventist's allegation of "failure to state a claim," not as an affirmative defense, but rather as simply a defense that is expressly permitted to be raised in an answer by Rule 12(h)(2)(A).  Cf. Hargrove v. Hargrove, 2017 U.S. Dist. LEXIS 69289, *4-*5 (W.D. Wash. May 5, 2017) (declining to strike an "affirmative defense" of failure to state a claim and instead treating the defense as a general denial or objection).  Through operation of  Rule 12(h)(2)(A), the first "affirmative defense" will not be stricken.

### B.  Kitt's Second Affirmative Defense: Immunity or Qualified Immunity

Plaintiff argues that, because Kitt has the burden of demonstrating qualified immunity and is sued in his individual capacity, the Court should strike Kitt's second affirmative defense.

Qualified immunity is an affirmative defense that must be pled in an answer.  Norwood v. Vance, 591 F.3d 1062, 1075 (9th Cir. 2010).  It is unclear what Plaintiff's argument is.  Simply pointing out that Kitt is being sued in his individual capacity and that he has the burden of demonstrating qualified immunity is not a basis to strike the affirmative defense.  Because the Court cannot reasonably construe Plaintiff's argument as meaning that he does not have fair notice of the qualified immunity defense, it is inappropriate to strike this affirmative defense.

C.   Adventist's Second Affirmative Defense: Insufficient Facts to Support a
Claim for Punitive or Exemplary damages

Plaintiff moves to strike Adventist's second affirmative defense because it is "not a proper affirmative defense." Doc. No. 24 at 7. Adventist's second affirmative defense states that "[t]he facts found within Plaintiff's Civil Rights Complaint are insufficient as a matter of law to support a claim for punitive or exemplary damages."

Challenges to the sufficiency of the factual allegations to support punitive damages are properly brought through Rule 12(b)(6). See Warnshius v. Bausch Health U.S., LLC, 2020 U.S. Dist. LEXIS 107136, *39 (E.D. Cal. June 18, 2020); Oushana v. Lowe's Cos., 2017 U.S. Dist. LEXIS 182852, *6 (E.D. Cal. Nov. 2, 2017); Kelley v. Correction Corp. of Am., 750 F.Supp.2d 1132, 1146 (E.D. Cal. 2010). That is, the proper challenge the factual sufficiency of punitive damages is one for failure to state a claim. As discussed above, although not an affirmative defense, a defense of a "failure to state a claim" is one that is permitted to be pled in an answer, per Rule 12(h)(2)(A). To give effect to Rule 12(h)(2)(A), the Court will read this affirmative defense as a non-affirmative defense that is expressly authorized by rule. Therefore, the Court will not strike Adventist's second affirmative defense.

D.   Adventist's Fourth Affirmative Defense and Kitt's Sixth Affirmative Defense:
Statutes of Limitations

Plaintiff next moves to strike Adventist's fourth affirmative defense and Kitt's sixth affirmative defense that plaintiff's deliberate indifference claim is time-barred. Plaintiff argues defendants must identify the specific limitations period.

In order to properly plead a statute of limitations affirmative defense, defendants "must identify the statute of limitations on which it relies." Dodson v. CSK Auto, Inc., 2013 U.S. Dist. LEXIS 106817, *7-*8 (E.D. Cal. July 30, 2013); see also Wyshak, 607 F.2d at 827. In § 1983 cases, the limitations period is dictated by the state where the claim arose. Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011). Defendants both cite to California

Code of Civil Procedure §§ 340.5 and 342, which detail the statute of limitations period for claims against health care providers and public entities.  Defendants therefore properly identified the exculpatory statute of limitations and gave plaintiff fair notice of their affirmative defenses.  The the Court will not strike these affirmative defenses.

### E.   Adventist's Fifth Affirmative Defense: Comparative Fault

Plaintiff seeks to strike Adventist's fifth affirmative defense because they "fail to set forth any facts" establishing it.  Adventist's fifth affirmative defense states in relevant part that plaintiff "was negligent, careless, and reckless" and his actions "proximately caused and contributed to Plaintiff's injury and damages, if any" and therefore any damages awarded plaintiff "should be proportionately reduced according to the percentage of fault of Plaintiff."  Adventist argues that this description provides fair notice.

Any kind of fair notice problems aside, there is a more fundamental problem with this affirmative defense.  This affirmative defense is essentially one for comparative fault or comparative negligence.  The only claim alleged against Adventist is an Eighth Amendment claim under 42 U.S.C. § 1983.  Contributory negligence or contributory fault is an inapplicable defense to a § 1983 claim.  See Cordova v. City of Albuquerque, 816 F.3d 645, 659 (10th Cir. 2016); McHugh v. Olympia Entm't, Inc., 37 F. App'x 730, 736 (6th Cir. 2002); Quezada v. County of Bernalillo, 944 F.2d 710, 721 (10th Cir. 1991); Miller v. Schmitz, 2013 U.S. Dist. LEXIS 152491, *15 (E.D. Cal. Oct. 23, 2013).  There are only two causes of action in this case, both of which are under § 1983.  Because comparative fault does not apply to this case, the Court will strike Adventist's fifth affirmative defense.

### F.   Kitt's Fifth Affirmative Defense: Failure to Mitigate

Plaintiff moves to strike Kitt's fifth affirmative defense for failure to mitigate. Plaintiff argues Kitt has not established that plaintiff has a duty to mitigate and even if he does, Kitt fails to provide any factual allegations that plaintiff failed to mitigate.  Kitt alleges that plaintiff through "exercise of reasonable effort and/or care, could have mitigated the amount of damages

alleged to have been suffered" and plaintiff "has failed, neglected and refused, and continue to fail and refuse, to exercise a reasonable effort to mitigate the damages."  Doc. No. 14 at p.10.

A failure to mitigate "generally arises when an injured party could have prevented the continuation or enhancement of the injury."  J & J Sports Prods., Inc. v. Delgado, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011).  Here, Kitt's affirmative defense is conclusory and fact barren.  The Court recognizes that some affirmative defenses need very little, if any, facts to support them.  E.g. Wyshak, 607 F.2d at 827 (holding that an answer that simply alleged "plaintiff's claims are barred by the applicable statute of limitations" along with an attached memorandum that specifically identified Cal. Code Civ. P. § 338.1 as the applicable limitations period was sufficient to give the plaintiff "fair notice").  However, there are myriad ways in which a plaintiff can fail to mitigate damages.  Presumably Kitt is in possession of facts that reasonably suggest a failure to mitigate.  A brief description of that factual basis should be included so that this defense is not "fact barren."  Gomez, 188 F.Supp.3d at 992.  Because the affirmative defense does not give any inkling as to how Plaintiff failed to mitigate his damages, fair notice is not given.  See DeSalvo v. Islands Rest., L.P., 2020 U.S. Dist. LEXIS 125922, *15 (C.D. Cal. July 16, 2020) (striking a failure to mitigate affirmative defense because no factual basis of any kind was pled); Dodson, 2013 U.S. Dist. LEXIS 106817 at *6 (same); Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 469 (S.D. Cal. 2013) (same); cf. Guirgois v. U.S. Bank, N.A., 2021 U.S. Dist. LEXIS 37379, *9 (W.D. Was. Mar. 1, 2021) (refusing to strike mitigation affirmative defense where the factual grounds for the defense, a failure to accept a modification agreement, was identified); Gomez, 188 F.Supp.3d at 1003 (striking without prejudice an inapplicable mitigation defense but requiring any amendment to explain the factual and legal basis for the mitigation defense).  Therefore, the Court will strike this affirmative defense.

G.  Adventist's Eleventh Affirmative Defense: Superseding Cause

Plaintiff moves to strike Adventist's eleventh and seventeenth affirmative defenses because they "fail to set forth any facts" establishing them.  Adventist's eleventh affirmative defense states in relevant part that plaintiff's "losses, damages and injuries, if any, were

proximately caused by unforeseeable, independent, intervening and/or superseding events which were beyond" Adventist's control.  Doc. No. 15 at p.13.

The concepts of supervening or intervening causes apply in § 1983 cases.  See White v. Roper, 901 F.2d 1501, 1506 (9th Cir. 1990).  An allegation of an unforeseeable intervening or superseding cause is an affirmative defense that challenges causation and applies only after the plaintiff proves proximate causation.  See Kane v. Lewis, 604 F. App'x 229, 235 n.6 (4th Cir. 2015); In re Neurontin Mktg. & Sales Practices Litig., 712 F.3d 21, 45 (1st Cir. 2013); Citizens State Bank v. Dixie County, 2011 U.S. Dist. LEXIS 168788, *11 (N.D. Fla. July 7, 2011); see also Brown v. Montoya, 45 F.Supp.2d 1294, 1300 (D. N.M. 2014) (holding that "raising the affirmative defense of superseding cause" was not sufficient to show that a proposed amendment would be futile).  It is therefore appropriate for Adventist to plead intervening/superseding cause as an affirmative defense.

Nevertheless, the Court agrees with Plaintiff.  The affirmative defense is conclusory and fact barren.  Presumably Adventist has a basis for alleging that an unforeseeable intervening or superseding cause relieves it of liability.  However, there is nothing in the affirmative defense that describes what the intervening or superseding cause may be.  Because the affirmative defense does not in any way identify what superseding or intervening causes is at issue, fair notice is not given.  Cf. Gomez, 188 F.Supp.3d at 992.  Therefore, the Court will strike this affirmative defense.

### H.  Adventist's Seventeenth Affirmative Defense: Proximate Cause

 Plaintiff moves to strike Adventist's eleventh and seventeenth affirmative defenses because they "fail to set forth any facts" establishing them.  Adventist's seventeenth affirmative defense reads that "[a]ny injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct and/or the conduct of unrelated third parties."  Doc. No. 15 at p.14.

The Court finds this affirmative defense to be ambiguous.  Adventist may be contending that the acts of third parties are intervening causes of harm, or Adventist may be contending that

the conduct of others, but not the conduct of Adventist, was a proximate cause of Plaintiff's injuries. Both interpretations of the defense would make striking the affirmative defense appropriate. First, if a superseding/intervening cause is being claimed, then the defensive is duplicative of the eleventh affirmative defense and redundant. Second, if Adventist is denying that its conduct was a proximate cause of injury, then Adventist is simply denying an essential element of Plaintiff's claim, i.e. causation, and not actually alleging an affirmative defense. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Gomez, 188 F.Supp.3d at 991; Barnes, 718 F.Supp.2d at 1173-74. A mere defense that is pled as an affirmative defense may be stricken. See Gomez, 188 F.Supp.3d at 991; Barnes, 718 F.Supp.3d at 1173. For these reasons, the Court will strike the seventeenth affirmative defense.

> I. Kitt's Twelfth Affirmative Defense and Adventist's Thirteenth Affirmative Defense: Eleventh Amendment Immunity

Plaintiff moves to strike Kitt's twelfth affirmative defense and Adventist's thirteenth affirmative defense, which contend that defendants are immune under the Eleventh Amendment. Plaintiff argues defendants are not immune because they were sued in their individual capacities.

Kitt voluntarily withdraws his twelfth affirmative defense. (Doc. No. 30 at 7). Based on his express withdrawal, the Court will strike Kitt's twelfth affirmative defense.

Adventist, however, contends that the question of whether it is immune under the Eleventh Amendment is a fact specific question of law not to be decided in a motion to strike.

The Court cannot agree with Adventist. The Ninth Circuit has held that the "law makes clear that state sovereign immunity does not extend to private entities." Del Campo v. Kennedy, 517 F.3d 1070, 1080-81 (9th Cir. 2008); Fujisawa v. Compass Vision, Inc., 735 F. Supp. 2d 1171, 1177 (N.D. Cal. 2010); see also Grigsby v. Ludi, 2015 U.S. Dist. LEXIS 192458, *4 n.2 (C.D. Cal. Feb. 19, 2015) (recognizing that while a private entity may be considered a state actor for purposes of 42 U.S.C. § 1983 liability, the private entity is not entitled to Eleventh Amendment immunity). Because Adventist is a private entity, it cannot claim sovereign immunity. Id.

Therefore, because Eleventh Amendment immunity has no application in this case, the Court will strike Adventist's eleventh affirmative defense.

J.   <u>Kitt's Seventeenth Affirmative Defense and Adventist's Nineteenth Affirmative Defense: Right to Assert Additional Affirmative Defenses</u>

Plaintiff moves to strike Kitt's seventeenth affirmative defense and Adventist's nineteenth affirmative defense, which reserve the right to assert additional affirmative defenses.

Defendants do not oppose striking their respective affirmative defenses. <u>See</u> Doc. No. 27. p. 2; Doc. No. 30 pp. 7-8.

A "reservation of affirmative defenses" is not an affirmative defense. <u>Hartford Underwriters Ins. Co. v. Kraus USA, Inc.</u>, 313 F.R.D. 572, 578 (N.D. Cal. 2016); <u>EEOC v. Timeless Invs., Inc.</u>, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010). Therefore, these affirmative defenses will be stricken.

K.   <u>Conclusion</u>

Generally, when an affirmative defense is stricken, leave to amend should be given in order to attempt to cure the deficiency. <u>Gomez</u>, 188 F.Supp.3d at 993. The Court will follow the general rule and permit Kitt and Adventist to file an amended answer to attempt to cure the pleading deficiencies discussed above. However, because the Court concludes that the flaws with Adventist's fifth (comparative fault), thirteenth (eleventh amendment immunity), and nineteenth (reservation of affirmative defenses) affirmative defenses, and Kitt's twelfth (eleventh amendment immunity) and seventeenth (reservation of affirmative defenses) affirmative defenses, cannot possibly be cured, dismissal of those defenses will be without leave to amend. Because discovery has now closed, <u>see</u> Doc. No. 17, Defendants should be in full possession of all relevant facts in terms of their affirmative defenses. Therefore, the Court will set a deadline for Defendants to file amended answers.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiffs motion to strike (Doc. No. 24) Defendant Adventist's fifth, eleventh, thirteenth, seventeenth, and nineteenth affirmative defenses is GRANTED, and those affirmative defenses are STRICKEN from Adventist's answer;

2.  Plaintiffs motion to strike (Doc. No. 25) Defendant Kitt's first, fifth, twelfth, and seventeenth affirmative defenses is GRANTED, and those affirmative defenses are STRICKEN from Kitt's answer;

3.  Plaintiffs' motions to strike are otherwise DENIED;

4.  Kitt's twelfth and seventeenth affirmative defenses are stricken without leave to amend;

5.  Adventist's fifth, thirteenth, and nineteenth affirmative defenses are stricken without leave to amend;

6.  Defendants' may file amended answers, consistent with the analysis of this order, within twenty-one (21) days of service of this order; and

7.  The failure to timely file an amended answer will result in the automatic withdrawal of leave to amend without further notice.

IT IS SO ORDERED.

Dated:   March 31, 2021       _____

                             SENIOR  DISTRICT  JUDGE