UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONGPIL PARK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VICTOR V. KITT, ET AL.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01551-AWI-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT ADVENTIST HEALTH BAKERSFIELD'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Doc. No. 36)<br><br>TWENTY-ONE DAY OBJECTION PERIOD |

  Plaintiff Jongpil Park ("Plaintiff" or "Park"), a current state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on October 31, 2019. (Doc. No. 1, "Complaint"). Pending before the Court is Defendant Adventist Health Bakersfield's ("Adventist") motion for summary judgment filed March 30, 2021. (Doc. No. 36). After being granted an extension of time, Plaintiff filed a statement of non-opposition to Defendant Adventist's motion on May 3, 2021. (Doc. No. 40). A set forth below, the undersigned recommends the Court grant Defendant Adventist's motion for summary judgment motion and Plaintiff's Complaint be dismissed with prejudice as against Defendant Adventist.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

## I. BACKGROUND

At the time of the Complaint, Park was held at the Substance Abuse Treatment Facility ("SATF") under the custody of the Californian Department of Corrections and Rehabilitation. (Doc. No. 1 at 7). The Complaint alleges an Eight Amendment claim against Adventist stemming from Park's surgery and hospitalization at Adventist. (*Id.* ¶¶ 81-89). Specifically, Park claims he contracted Methicillin Resistant Staphylococcus Aureus ("MRSA") while hospitalized. (*Id.* at ¶ 35).

Adventist moves for summary judgment, arguing the undisputed evidence shows Park's surgery followed proper protocol, and Park's MRSA infection was not contracted at Adventist. (*See generally* Doc. No. 36). Adventist submits a memorandum of law, a statement of undisputed facts, a Rand warning, the declaration of an infectious disease expert, and the declaration of Adventist's counsel in support of its motion. (Doc. No. 36-1 to 36-5).

Park filed a statement of non-opposition stipulating that "there is no genuine issue for trial," that Adventist is entitled to summary judgment "as a matter of law," and admitting that he had contracted MRSA "before he was admitted to" Adventist. (Doc. No. 40 at 1). Park requests the Court to grant Adventist summary judgment in this matter. (*Id.* at 2).

## II. APPLICABLE LAW

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under Local Rule 230(c), "[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect." It is "the practice of courts in the Eastern District of California to grant summary judgment to the moving party if the non-moving party files an affirmative statement of non-opposition." *Burnett v. Sedillo*, 2018 WL 4790168, at *1 (E.D. Cal. Oct. 3, 2018), report and recommendation adopted, 2018 WL 5794521 (E.D. Cal. Nov. 5, 2018) (collecting cases).

## III. ANALYSIS

The undersigned recommends granting summary judgment in favor of Adventist because there is no genuine dispute as to any material fact and Adventist is entitled to judgment as a matter of law. Park's sole claim for deliberate indifference against Adventist stems from Park alleging he contracted MRSA form his surgery and hospitalization at Adventist. (*See generally* Doc. No. 1). Defendant's statement of undisputed facts, to which Park stipulates, states Park's "MRSA infection was not hospital-acquired." (Doc. No. 36-2 ¶ 34). Parks admits he "was already colonized with the MRSA bacteria before he was admitted" to Adventist." (Doc. No. 40 at 1). As a result, Parks concedes that Adventist is entitled to summary judgment "as a matter of law." (*Id.*). Because Park stipulates to the material facts, in keeping with the "practice of the courts in the Eastern District" the undersigned recommends Adventist's motion for summary judgment (Doc. No. 36) be granted.

Accordingly, it is RECOMMENDED:

1. Defendant Adventist Health Bakersfield's motion for summary judgment (Doc. No. 36) be GRANTED.

2. Plaintiff's Complaint be dismissed with prejudice against Defendant Adventist Health Bakersfield.

3. Judgment be entered in favor of Defendant Adventist Health Bakersfield.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District

Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed within twenty-one (21) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 28, 2021

HELENA M. BARCH-KUCHTA

UNITED STATES MAGISTRATE JUDGE