1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONGPIL PARK

               Plaintiff,

    v.

VICTOR V. KITT,

               Defendant.

Case No.  1:19-cv-01551-AWI-HBK

FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

(Doc. No. 35)

FOURTEEN-DAY OBJECTION PERIOD

Pending before the Court is the Motion for Summary Judgment filed by Defendant Victor V. Kitt on March 26, 2021.  (Doc. No. 35, "MSJ").  Plaintiff filed an opposition on May 17, 2021 (Doc. No. 41), and on May 24, 2021, Defendant filed a reply (Doc No. 42)  For the reasons stated below, the undersigned finds no genuine dispute as to any material facts and recommends Defendant's MSJ be granted.

## I.    BACKGROUND

Plaintiff Jongpil Park ("Plaintiff" or "Park"), a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on October 31, 2019.  (Doc. No. 1).  On April 9, 2020, the then-assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A and found that Park had stated a cognizable claim of medical deliberate indifference

against Defendant Victor V. Kitt.[1]  (Doc. No. 10).  Defendants answered the complaint on May 18, 2020.  (Doc. No. 14).

After motion practice and discovery, and in compliance with the scheduling order (Doc. No. 16), Defendant timely filed the instant MSJ on March 26, 2021.  (Doc. No. 35).  In support, Defendant submit a statement of undisputed material facts (Doc. No. 35-2); the declaration and CV of Dale Rice, M.D. (Doc. No. 35-3); the declaration of Amanda Lucas (Doc. No. 35-4); and excerpts of Plaintiff's medical records (Doc. No. 35-3 at 48-86; Doc. No. 35-4 at 3-40).  Plaintiff submitted a response to Defendant's statement of undisputed material facts (Doc. No. 41 at 2-4), a brief memorandum (Doc. No. 41 at 4-5), a separate statement of disputed material facts (Doc. No. 41 at 7-8), his declaration in support (Doc. No. 41 at 9-10), and additional medical records (Doc. No. 41 at 11-14).

## II.      APPLICABLE LAW

### A.  Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit.   *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1987).

The party moving for summary judgment bears the initial burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  When the moving party has met this burden, the nonmoving party must go beyond the pleadings and set forth specific facts, by affidavits, deposition testimony, documents, or discovery responses, showing there is a genuine issue that must be resolved by trial.  *See* Fed. R. Civ. P. 56(c)(1); *Pacific Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021).  A mere "scintilla of evidence" in support of the nonmoving party's position is insufficient.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  Rather, the

---

[1] Park also brought suit against Adventist Health-Bakersfield.  (*see* Doc. No. 1).  The Court dismissed Adventist Health-Bakersfield as a party on November 1, 2021.  (Doc. No. 45).  The Court's findings here address only Defendant Kitt.

evidence must allow a reasonable juror, drawing all inferences in favor of the nonmoving party, to return a verdict in that party's favor.  *Id.*

The court must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014).  It may not weigh evidence or make credibility determinations.  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017).  Conclusory or speculative testimony in affidavits and supporting papers is insufficient to raise a genuine issue of fact and defeat summary judgment.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see* Fed. R. Civ. P. 56(c)(2).

**B.  Eighth Amendment Medical Deliberate Indifference**

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind).  *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).  On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain."  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  On the subjective prong, a prison official must know of and disregard a serious risk of harm.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed.  *Estelle,* 429 U.S. at 104-05.

If, however, the official failed to recognize a risk to the plaintiff—that is, the official "*should* have been aware" of a risk, but in fact was not—the official has not violated the Eighth Amendment.  *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in original).  That is because deliberate indifference is a higher standard than medical malpractice.  Thus, a difference of opinion between medical professionals—or between the plaintiff and defendant—generally does not amount to deliberate indifference.  *See Toguchi v. Chung*, 391

1   F.3d 1051, 1057 (9th Cir. 2004).  An argument that more should have been done to diagnose or

2   treat a condition generally reflects such differences of opinion and not deliberate indifference.

3   *Estelle*, 429 U.S. at 107.  To prevail on a claim involving choices between alternative courses of

4   treatment, a plaintiff must show that the chosen course "was medically unacceptable under the

5   circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's

6   health.  *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

7          Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429

8   U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d

9   1062, 1082 (9th Cir. 2013).  Misdiagnosis alone is not a basis for a claim of deliberate medical

10  indifference.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).  A delay in treatment,

11  without more, is likewise insufficient to state a claim.  *Shapley v. Nevada Bd. of State Prison*

12  *Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  It is only when an official both <u>recognizes</u> and

13  <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists.  *Peralta v.*

14  *Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc) (emphasis added).  A plaintiff must also

15  demonstrate harm from the official's conduct.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

16  2006).  And the defendant's actions must have been both an actual and proximate cause of this

17  harm.  *Lemire*, 726 F.3d at 1074.

18                            **III.    ANALYSIS**

19      **A.  Allegations in Support of Medical Indifference in Plaintiff's Complaint**

20         Plaintiff alleges that while incarcerated at the Substance Abuse Treatment Facility,

21  Defendant Dr. Kitt, an ENT specialist, failed to properly treat his nose pain.  (Doc. No. 1 at 7-8 ¶¶

22  3-4, 12).  Specifically, he alleges that Dr. Kitt failed to provide pain medications and treatment

23  for his deviated septum.  (*Id.* at 8 ¶ 14; *see also id.* at 11-12 ¶¶ 55-58, 61-62).  He also alleges that

24  Dr. Kitt failed to prescribe him antibiotics or other medication for a nasal infection.  (*See* Doc.

25  No. 1 at 9 ¶ 28, 10 at ¶ 47, 12 ¶ 63).  Plaintiff alleges he has experienced pain to his nose and has

26  been unable to breathe adequately and sleep.  (*Id.* at 12 ¶ 65).

27  //

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.  Plaintiff's Failure to Properly Oppose the Motion**

On March 26, 2021, Defendant served Plaintiff with his MSJ, including a warning under *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1988), that described Plaintiff's obligations in responding to a summary judgment motion.  (Doc. No. 35-5).  Plaintiff directly responded to Defendant's separate statement of undisputed material facts, conceding many of them.  (Doc. No. 41 at 2-4).  As to the facts not admitted, Plaintiff either denied them or stated that he lacked "sufficient knowledge or information to form a belief" as to their truth and denied them on that basis.  (*Id.*).  Plaintiff did not cite any evidence in support of his denials.  (*Id.*).

A court may not automatically grant summary judgment to a defendant solely because a plaintiff fails to properly oppose the motion.  *See* Fed R. Civ. P. 56(e)(2)-(3);  *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).  Where a plaintiff fails to properly support an assertion of fact or fails to challenge the facts asserted by the defendant, the plaintiff may be deemed to have admitted the validity of those facts.  *See* Fed. R. Civ. P. 56(e)(2).  A declaration in support of or opposition to a summary judgment motion must be based on personal knowledge and contain specific, admissible facts, not mere conclusions. Fed. R. Civ. P. 56(e); *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 922 (9th Cir. 2001).  A plaintiff's verified complaint may be used to oppose summary judgment, so long as it meets these standards. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

Here, Plaintiff verified his complaint and submitted his own statement of disputed facts, which included references to a declaration.  (*Id.* at 7-8).  To the extent the complaint and declaration include specific, admissible facts, the Court will consider them.  Additionally, the Court will consider the entire record and deem true only those facts which are properly supported by evidence.  A court may grant an inadequately opposed motion for summary judgment if the supporting papers are themselves sufficient to warrant granting the motion and do not on their face reveal a genuine issue of material fact.  *See Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir. 1993).

//

//

5

**C. Undisputed Facts**

Having reviewed the record, including Plaintiff's verified complaint, the statement of undisputed facts and supporting evidence submitted by Defendant, and the statements of undisputed and disputed facts and evidence submitted by Plaintiff, the undersigned finds the following relevant facts to be undisputed:

- Plaintiff first consulted with Dr. Kitt on May 10, 2018, via telemedicine, and reported a history of three nasal injuries, the most recent in 2017.  (Doc. Nos. 35-4 at 4, 6, 28).

- Dr. Kitt documented that Plaintiff reported difficulty with his left nasal passage, as well as itching and tingling sensations on the nasal bridge. (Doc. Nos. 35-4 at 6, 28; 41 at 2).

- Plaintiff reported trying oral antihistamines without significant improvement. (Doc. Nos. 35-4 at 6, 28; 41 at 2).

- On exam, Dr. Kitt noted the nasal bones were in alignment.  (Doc. Nos. 35-4 at 6, 28).

- On intranasal examination, Dr. Kitt noted that Plaintiff had a deviated septum, mostly on the left, with some surface area touching the inferior turbinate.  (Doc. Nos. 35-4 at 6, 28; 41 at 2).

- Dr. Kitt recommended a CT of Plaintiff's nasal bones to evaluate Plaintiff's nasal bones, septum, and nasal passages.  (Doc. Nos. 35-4 at 6, 28; 41 at 2).

- On July 26, 2018, Plaintiff saw Dr. Kitt a second time via a telemedicine appointment.  (Doc. Nos. 35-4 at 7, 9, 30, 36).

- Dr. Kitt documented that Plaintiff reported that he was manipulating the left side of his nasal bridge to push it back to the middle.  (Doc. Nos. 35-4 at 9, 30, 36; 41 at 2).

- Plaintiff also complained of some difficulty breathing, particularly on the left, and of consistent pain on the nasal bridge.  He said he was unable to sleep well because he was breathing through his mouth.  (Doc. Nos. 35-4 at 9, 30, 36; 41 at 2).

- On exam, Dr. Kitt noted that Plaintiff's nasal bridge was "quite acceptable" and there was no obvious displacement that would compromise his nasal airway. Intranasally, Dr. Kitt documented that Plaintiff had a mild left anterior septal deviation, but adequate nasal passages on both sides. (Doc. Nos. 35-4 at 9, 30, 36).

- Dr. Kitt did not believe Plaintiff needed nasal surgery at this time. (Doc. Nos. 35-4 at 9, 30, 36).

- Dr. Kitt noted that Plaintiff had not yet had the CT scan of the nasal bones that was ordered during their prior visit. (Doc. Nos. 35-4 at 9, 30, 36; 41 at 3).

- Dr. Kitt said he would see Plaintiff again if there was need for follow up. (Doc. Nos. 35-4 at 9, 30, 36).

- On December 13, 2018, Dr. Kitt saw Plaintiff for a follow-up telemedicine consultation, during which he noted that Plaintiff had undergone the requested CT scan, and the results were "quite unremarkable." (Doc. No. 35-4 at 12, 31, 35).

- Dr. Kitt documented that the CT scan showed that Mr. Park's paranasal sinuses were basically clear and there was no displaced nasal fracture and minimal septal deviation. (Doc. No. 35-4 at 12, 31, 35).

- On exam, Dr. Kitt documented that Plaintiff's nasal contour appeared normal. (Doc. No. 35-4 at 12, 31, 35).

- Dr. Kitt documented that because of equipment failure, he was unable to visualize Plaintiff's nostrils, but that he assumed they were still adequate. He also documented that he would see Plaintiff again with the equipment functioning. (Doc. Nos. 35-4 at 12, 31, 35; 41 at 3).

- On July 9, 2019, Dr. Kitt saw Plaintiff for the final time. (Doc. No. 35-4 at 14).

- Dr. Kitt documented that Plaintiff had complaints of breathing difficulty and headaches. (Doc. Nos. 35-4 at 14; 41 at 3).

- On exam, Dr. Kitt noted that both of Plaintiff's nasal passages were adequately open and he had mild turbinate enlargement. (Doc. Nos. 35-4 at 14; 41 at 3).

- Dr. Kitt's impression was that Plaintiff had chronic sinusitis, allergic in nature. (Doc. Nos. 35-4 at 14; 41 at 4).

- Dr. Kitt directed Plaintiff to continue to use his allergy medications, Loratadine 10mg daily and Flonase daily as needed.  (Doc. No. 35-4 at 14).

- Dr. Kitt did not believe Plaintiff needed nasal surgery and indicated Plaintiff could seek a second opinion somewhere else.  (Doc. No. 35-4 at 14, 37, 38).

-  Plaintiff did request a second ENT opinion because he disagreed with Dr. Kitt's determination that surgery was not necessary.  (Doc. Nos. 35-4 at 37-38; 41 at 4).

- This was the last documented visit between Dr. Kitt and Plaintiff.  (Doc. Nos. 35-4 at 3-41; 41 at 4).

- Dr. Dale Rice, a physician specializing in Otolaryngology-Head and Neck Surgery, opines that the care and treatment provided by Dr. Kitt to Plaintiff at all times met the applicable standard of care.  (Doc. No. 35-3 at 4-5 ¶¶ 6-7).

- Dr. Rice also opines there is nothing Dr. Kitt did or did not do that caused Plaintiff to suffer any injuries.  (Doc. No. 35-3 at 4-5 ¶¶ 6-7).

**D.  The Undisputed Material Facts Show Dr. Kitt Was Not Deliberately Indifferent**

Deliberate indifference is a two-pronged inquiry: (1) was plaintiff's medical need serious? and (2) did the defendant know of and disregard the risk of plaintiff's medical need, causing harm?  *Jett*, 439 F.3d at 1096.  Defendant does not specifically address whether Plaintiff had serious medical needs arising from his deviated septum.  A need is sufficiently serious when failure to treat the condition "could result in further significant injury" or the "unnecessary and wanton infliction of pain."  *Colwell*, 763 F.3d at 1066.  Here, Plaintiff asserts that his deviated septum interfered with breathing and sleeping.  (Doc. No. 1 at 12 ¶ 65).  Defendant submits evidence that some patients with a deviated septum may complain of pressure or pain, or experience nosebleeds and noisy breathing during sleep.  (Doc. No. 35-3 at 4 ¶ 6(b)).  Given the potential for a deviated septum to interfere with one's breathing, sleeping, and to cause pain, the Court determines a sufficiently serious medical need was present for Eighth Amendment purposes.

Thus, the Court will proceed to the merits of Defendant's motion.  Defendant seeks summary judgment on the grounds that Plaintiff cannot establish the second prong of his deliberate indifference claim.  Specifically, Defendant asserts he was not deliberately indifferent because his treatment of Plaintiff was medically standard and he did not cause any injury to Plaintiff.  (Doc. No. 35-1 at 7-10).

**1. Dr. Kitt Was Not Deliberately Indifferent**

Dr. Kitt has negated the second prong of Plaintiff's deliberate indifference claim.  At a minimum, the second prong requires evidence that the defendant's conduct fell below the standard of care.  *Hamby*, 821 F.3d at 1092.  In support of his motion, Dr. Kitt has submitted the testimony of Dr. Dale Rice, a physician specializing in Otolaryngology-Head and Neck Surgery.  (Doc. No. 35-3).  Dr. Rice opines that Dr. Kitt met the applicable standard of care.  (*Id*. at 4 ¶¶ 6-7).  He explains that recommended use of decongestants, antihistamines, and nasal steroids is generally acceptable medical treatment for a deviated septum and allergic sinusitis.  (*Id*. at 4 ¶ 6(b), (c)).  He further states that, aside from very rare instances, surgery on a deviated septum is generally elective, and up to the medical judgment of the physician.  (*Id*.).  He concludes there was no indication Dr. Kitt needed to perform surgery on Plaintiff at any time, and thus the decision not to recommend surgery was within the standard of care.  (*Id*. at 4 ¶ 6(a)).  He also concludes there was no indication that Plaintiff required antibiotics for treatment of a nasal infection at any time when Dr. Kitt provided care and treatment to him.  (*Id*. at 4 ¶ 6(d)).  Based on the foregoing, the Court concludes that Dr. Kitt has met his burden of establishing an absence of disputed fact as to whether he was deliberately indifferent.

The Court next considers whether any evidence in the record creates a triable issue of fact as to Dr. Kitt's liability for deliberate indifference.  The main thrust of Plaintiff's position is the suggestion that Dr. Kitt denied Plaintiff treatment in retaliation for Plaintiff's filing of one or more grievances against him.  (*See* Doc. No. 51 at 5:1-4, 7 ¶¶ 2-4).  The Court notes that Plaintiff did not raise a claim for First Amendment retaliation in his complaint (*see* Doc. No. 1), and the screening order did not address any such claim (*see* Doc. No. 10 at 1).  Thus, no separate retaliation claim is at issue in this case.

9

1         Even if the Court considered the merits of the claim, there is insufficient evidence that Dr.

2   Kitt's treatment of Plaintiff resulted from a retaliatory motive.  Plaintiff states that at some

3   unidentified time, Dr. Kitt used an angry voice and told him "I'm not going to fix your nose, god

4   damn it, get out." (Doc. No. 41 at 7 ¶ 4).  This statement itself does not indicate any retaliatory

5   motive.  Plaintiff fails to provide any specific facts establishing when Dr. Kitt learned about

6   Plaintiff's grievances or consumer complaint or that he ever did so (*see* Doc. No. 1 at 8 ¶ 15, 12 ¶

7   68-71), so one also cannot infer retaliation based on timing.  *See Pratt v. Rowland*, 65 F.3d 802,

8   808 (9th Cir. 1995).

9         Plaintiff also asserts that on April 11, 2019, a nurse informed him that Dr. Kitt denies

10   treatment to people who file complaints against him, and "you are not the only one." (Doc. No. 1

11   at 7 ¶ 26).  Plaintiff also states that, at some undisclosed time, the same nurse informed him that

12   Dr. Kitt "is going to eat you." (Doc. No. 41 at 9 ¶ 3).  Though generally arguing that Plaintiff

13   failed to submit admissible evidence, Defendant did not expressly object to these statements.

14   (*See* Doc. No. 42).  Even so, these statements reflect only a third party's opinion about Dr. Kitt's

15   prior conduct or his intentions and fail to include any supporting facts.  Neither speculation nor

16   conclusory statements will create a genuine dispute on summary judgment.  *See Soremekun*, 509

17   F.3d at 984.  This is all Plaintiff's evidence amounts to, and it does not create a genuine dispute as

18   to whether Dr. Kitt acted in a retaliatory manner in this case.

19         More critically, there is simply no evidence from which the finder of fact could conclude

20   that Dr. Kitt denied Plaintiff medically necessary treatment, in retaliation or otherwise to sustain a

21   finding of an Eighth Amendment violation.  On this point, Plaintiff submits what appear to be

22   excerpts of medical records from Riverside University Hospital.  (Doc. No. 41 at 11-14).

23   Defendant has not objected to the admissibility of these records, and thus the Court will consider

24   them.  *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (abuse

25   of discretion to exclude evidence when objection waived).  The records indicate that in September

26   2019, a doctor concluded Plaintiff suffered from allergic rhinitis and a deviated septum.  (Doc.

27   No. 41 at 11-14).  The records also seem to indicate that the doctor determined Plaintiff was a

28   candidate for nasal surgery—septoplasty and nasal turbinate reduction.  (*Id.*).

Viewed in the light most favorable to Plaintiff, the records could suggest a difference of opinion between Dr. Kitt and the doctor at Riverside University Hospital as to whether surgery was appropriate for Plaintiff's condition. This potential difference of opinion does not, however, create a genuine dispute of material fact. A fact is material for summary judgment purposes if it could change the outcome of the claim. *See Anderson*, 477 U.S. at 247. Here, to state a claim for deliberate indifference, Plaintiff must show more than differing medical judgments about what treatment for his nasal condition is appropriate. *Toguchi*, 391 F.3d at 1058-60. He must show Dr. Kitt's conclusion that surgery was not necessary was medically unacceptable. *Colwell,* 763 F.3d at 1068. These records do not create a genuine dispute of fact on this point. They say nothing about whether surgery was the only medically acceptable course of action. As Dr. Rice stated, whether deviated septum surgery is appropriate is a question of medical judgment. (Doc. No. 35-3 at 4 ¶ 6(b)). To the extent one can infer a difference of medical judgment from the evidence, it does not create a genuine dispute of fact as to whether Dr. Kitt's conduct was medically acceptable.

Although in his complaint Plaintiff took issue with Dr. Kitt's failure to prescribe him antibiotics or other medication for a nasal infection (*see* Doc. No. 1 at 9 ¶ 28, 10 at ¶ 47, 12 ¶ 63), he does not address this issue in his opposition (*see* Doc. No. 41). The Court therefore deems it admitted that Plaintiff did not have or require medication for a nasal infection while under the care of Dr. Kitt. *See* Fed. R. Civ. P. 56(e)(2). Thus, Dr. Kitt could not have been deliberately indifferent to Plaintiff's nasal infection.

In sum, the undersigned finds no evidence raising a triable issue of fact as to whether Dr. Kitt was deliberately indifferent to Plaintiff's medical needs and recommends that Defendant be granted summary judgment on this claim.

### 2. Dr. Kitt Did Not Cause Any Injury to Plaintiff

Defendant also argues an entitlement to summary judgment on the ground that he did not cause any injury to Plaintiff. (Doc. No. 35-1 at 9-10). In a deliberate indifference case, the defendant's actions must have been both an actual and proximate cause of the plaintiff's injury. *Lemire*, 726 F.3d at 1074. On this point, Defendant submits the expert opinion of Dr. Rice that

1    Plaintiff did not experience any injury, and that nothing Dr. Kitt did or did not do caused Plaintiff

2    any claimed injury.  (Doc. No. 35-3 at 5 ¶ 7).  Plaintiff has failed to establish a genuine dispute of

3    material fact as to injury or causation.  He has submitted no expert testimony to rebut Dr. Rice's

4    conclusions.  (*See* Doc. No. 41).  Nor has he submitted any other evidence or argument on these

5    issues.  (*See id.*).  Thus, the Court deems admitted that Plaintiff did not suffer injury and that

6    Defendant did not cause any injury to Plaintiff.  *See* Fed. R. Civ. P. 56(e)(2).  Finding no triable

7    issue of fact as to whether Dr. Kitt caused injury to Plaintiff, the undersigned recommends that

8    Defendant be granted summary judgment on this claim.

9          Accordingly, it is **RECOMMENDED**:

10       1.  Defendant's Motion for Summary Judgment (Doc. No. 35) is GRANTED.

11       2.  Judgment be entered in favor of the Defendant; all deadlines be terminated; and the

12           case be closed.

13                     **NOTICE TO PARTIES**

14          These findings and recommendations will be submitted to the United States District Judge

15    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

16    days after being served with these findings and recommendations, a party may file written

17    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

18    Findings and Recommendations."  Parties are advised that failure to file objections within the

19    specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

20    838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21    Dated:    November 30, 2021

22                                       HELENA M. BARCH-KUCHTA

                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28